ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>INSURANCE AUTO AUCTIONS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (EEOC) brings this action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Charging Party Marcus Harris who was adversely affected by such practices. As alleged below, Defendant Insurance Auto Auctions, Inc. (IAAI), engaged in unlawful discrimination by subjecting Harris to racial harassment resulting in constructive discharge in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the city of Fremont, California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Oakland Division or San Francisco Division of this Court because the unlawful employment practices alleged were committed in Alameda County.

## PARTIES

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant IAAI has continuously been an Illinois corporation doing business in the State of California and Alameda County and has continuously had at least 15 employees.

6. At all relevant times, Defendant IAAI has continuously been an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit Charging Party Marcus Harris filed EEOC Charge 555-2021-01325 alleging violations of Title VII by Defendant.

8. On July 22, 2024, the EEOC issued to Defendant a Letter of Determination for Marcus Harris's charge finding reasonable cause to believe that Defendant violated Title VII. The Determination also invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Determination and to provide other appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. The EEOC notified Defendant in a written Notice of Conciliation Failure, dated August 30, 2024, that the EEOC had determined that efforts to conciliate the charge were unsuccessful.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least January 2020, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) at its location in Fremont, California, by subjecting Harris to an offensive, abusive, intimidating, and hostile work environment based on his race (Black).

14. Charging Party Marcus Harris is Black.

15. Harris worked for Defendant at its facility in Fremont, California, from around January 2020 until February 2021, first as a temporary Yard Attendant and later as a full-time employee beginning in March 2020.

16. Harris was supervised by a Yard Supervisor and a General Manager.

17. Throughout Harris's employment, a non-Black worker at Defendant's facility, named Jesus, subjected Harris to repeated racist verbal conduct.

18. This racist verbal conduct included calling him the N-Word and other insults, trying to intimidate him, and denigrating Black people.

19. The racist verbal conduct continued despite Harris opposing it.

20. Jesus and Harris worked with each other inspecting, cleaning and checking-in vehicles at Defendant's facility.

21. Jesus would call Harris the N-Word or use the epithet in front of him up to 15 times a day.

22. During Harris's employment, several other colleagues also said the N-Word routinely and casually, so much so that a former non-Black employee equated the slur to saying "Bro."

23. Jesus and other non-Black employees would gang up on Harris and call him the N-

1  Word, B*tch, A**- hole, and other slurs and insults.

2  24. Harris was offended at being called the N-Word and by the casual use of the N-Word
3  by employees at the facility.

4  25. Defendant's supervisory personnel were aware of employees saying the N-Word at
5  work during Harris's employment.

6  26. Defendant's General Manager was aware of Jesus saying the N-Word at work during
7  Harris's employment.

8  27. Defendant's General Manager was aware of other employees saying the N-Word at
9  work during Harris's employment.

10  28. Once, after observing Harris grimace upon hearing Jesus say the N-Word, the General
11  Manager asked Jesus why he used the N-Word. Jesus retorted, "F**k that, I can say any word I want
12  to say." Thereafter, Jesus continued to say the N-Word and to address Harris with the slur.

13  29. Harris eventually confronted the General Manager about Jesus's continued use of the
14  N-Word and told the General Manager that the Jesus's offensive behavior interfered with his work.

15  30. Initially, the General Manager promised to speak with Jesus about his conduct.

16  31. But Jesus kept saying N-Word and other racial slurs throughout Harris's employment.

17  32. After Harris reported Jesus's conduct to the General Manager, Jesus refused to speak
18  to Harris and instructed other employees to avoid Harris.

19  33. The Yard Supervisor was also aware that employees were saying the N-Word at work
20  during Harris's employment.

21  34. The Yard Supervisor also witnessed non-Black employees saying the N-Word at
22  work and addressing other employees with the slur.

23  35. Harris also informed the Yard Supervisor about how Jesus's behavior negatively
24  affected his job.

25  36. The Yard Supervisor reported other IAAI employees' use of slurs to the General
26  Manager.

27  37. When the Yard Supervisor or General Manager would occasionally tell employees
28  not to use racial slurs, several employees would respond that it was acceptable to say them in the

Bay Area and continued to do so.

38. Upon information and belief, IAAI never disciplined or fired any of the Fremont employees for inappropriate racist remarks during Harris's employment.

39. As described above, Defendant had constructive and actual notice of offensive and unwelcome racist conduct by Jesus and Harris's co-workers directed at or within earshot of Harris but failed to take effective corrective action to stop the harassment.

40. The work environment eventually became unacceptably abusive and hostile to Harris.

41. Believing that he had no other choice, Harris resigned from Defendant on or around February 25, 2021.

42. The effect of the practices complained of in paragraphs 13 through 41 above has been to deprive Harris of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black.

43. The unlawful employment practices complained of in paragraphs 13 through 41 were done with malice or in reckless indifference to Harris's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them, from creating, failing to prevent, and failing to promptly correct an offensive, abusive, intimidating and hostile work environment on the basis of race, and engaging in any other employment practice that discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Harris whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 through 41 above in amounts to be determined at trial.

D. Order Defendant to make Harris whole by providing compensation for past and future

nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13 through 41 above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

E. Order Defendants to pay Harris punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

Plaintiff EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 30, 2024

BY: /s/ Roberta L. Steele
    Roberta L. Steele
    Regional Attorney

BY: /s/ Marcia L. Mitchell
    Marcia L. Mitchell
    Supervisory Trial Attorney

BY: /s/ James H. Baker
    James H. Baker
    Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3262
Fax No. (415) 522-3425
James.baker@eeoc.gov

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

*Attorneys for Plaintiff EEOC*