ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0939
Fax No. (415) 522-3425
roberta.steele@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>INSURANCE AUTO AUCTIONS, INC.<br><br>Defendant. | Case No.: 3:24-cv-06848-TSH<br><br><br><br><br>[PROPOSED] CONSENT DECREE |

### I. INTRODUCTION

1. Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of race and to provide appropriate relief to Marcus Harris who was adversely affected by such practices. The EEOC filed suit on September 30, 2024, alleging that Defendant Insurance Auto Auctions, Inc. (IAAI) discriminated against Harris based on his race (Black) by subjecting him to a racially hostile work environment, which resulted in his constructive discharge.

2. The EEOC and Defendant IAAI (collectively, the Parties) want to conclude fully and finally all claims arising out of the EEOC's Complaint to avoid expenditure of further

resources and expenses in contested litigation and enter into this Consent Decree (Decree) to resolve the EEOC's Complaint.

**II.     SCOPE OF RESOLUTION**

3. This Decree shall be binding on and enforceable against Defendant IAAI, its management (including all officers, managerial and supervisory employees), agents, successors, and assigns.

4. This Decree completely and finally resolves all claims made by the EEOC in its Complaint [ECF 1] filed in the United States District Court, Northern District of California, Case No. 3:24-cv-06848-TSH (Action).

5. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree if Defendant IAAI fails to comply with the applicable terms of the Decree.

6. Nothing in this Decree shall be construed to limit or reduce Defendant IAAI's obligations to comply fully with Title VII or any other federal employment statute.

7. This Decree in no way affects the EEOC's right to bring, consider, investigate or litigate other charges that may exist or that may later arise against Defendant IAAI, in accordance with standard EEOC procedures.

8. The provisions of this Decree shall be applicable to all of Defendant IAAI personnel, including managers and employees, and contractors, located at its facility at 6700 Stevenson Blvd., Fremont, CA 94538, unless otherwise specified.

**III.    JURISDICTION**

9. The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

10. The Court shall dismiss this case with prejudice but retain jurisdiction over this Action for the duration of the Decree, for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## IV. EFFECTIVE DATE AND DURATION OF DECREE

11. The provisions contained herein are effective immediately on the date that this Decree is entered by the Court (Effective Date).

12. The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

## V. MONETARY RELIEF

13. Defendant IAAI shall compensate Marcus Harris in the total amount of One Hundred and Seventy-Five Thousand ($175,000) (Settlement Sum), payable in separate checks as follows:

    a. $171,100 in compensatory damages for emotional distress, pain and suffering (Compensatory Sum) to Marcus Harris; and

    b. $3,900 as wages subject to standard withholdings (Wage Sum) to Marcus Harris.

14. Defendant IAAI shall issue an IRS Form 1099-Misc for the Compensatory Sum to Marcus Harris, designating the amount of this check as "other income" and shall make such reports as necessary and appropriate under state and federal tax laws. No tax withholdings shall be deducted from the Compensatory Sum.

15. Defendant IAAI shall issue an IRS Form W-2 for the Wage Sum to Marcus Harris and shall make such reports as necessary and appropriate under state and federal tax laws. Defendant shall be responsible for paying the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from the Wage Sum.

16. Defendant IAAI shall pay the Settlement Sum seven (7) business days following the Effective Date of the Decree, including an accounting of any payroll withholdings or other deductions, to Marcus Harris at an address to be provided by the EEOC within five (5) days following the Effective Date.

17. Defendant IAAI shall transmit copies of the payments and tracking information for the delivery of the checks to the EEOC at EEOC-SFDO_COMPLIANCE@eeoc.gov on the

same day that it transmits the checks.

18. Defendant IAAI will not condition the receipt of monetary relief on Marcus Harris agreeing to: (a) maintain as confidential the facts and/or allegations underlying his charge of discrimination and the Complaint or the terms of this Decree; (b) waive his statutory right to file a charge with any government agency; (c) not reapply for employment; or (d) a non-disparagement agreement.

19. EEOC's Reporting Requirements Under IRC Sections 162(f) and 6050X. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS). The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code. IAAI's EIN is 95-3790111. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one, is Nisha Verma. The address for this individual is: 600 Anton Blvd., Ste. 2000, Costa Mesa, CA 92626.

## VI. **GENERAL INJUNCTIVE RELIEF**

20. Defendant IAAI, its officers, agents, employees, successors, and assigns are enjoined from discriminating against any employee based on race, or creating, facilitating, or permitting the existence of a hostile work environment based on race as prohibited by Title VII.

21. During the duration of the Decree, Defendant IAAI shall provide prior written notice to any potential purchaser of its business, or a purchaser or transferee of all or a portion of Defendant IAAI's assets, and to any other potential successor, about the EEOC's lawsuit, the

allegations raised in the Complaint, and the existence and contents of this Decree.

## VII. SPECIFIC INJUNCTIVE RELIEF

### A. Equal Employment Opportunity Consultant

22. Within sixty (60) days after the Effective Date, Defendant IAAI shall appoint, identify and retain an internal individual or organization to serve as its Equal Employment Opportunity Consultant (Consultant) to assist with Defendant IAAI's compliance with Title VII and this Decree by performing the tasks described in sub-paragraphs (a)-(d) below. The Consultant shall have demonstrated experience in employment discrimination, and hostile work environment issues, and investigations. For the duration of the Decree, the Consultant must:

    a. assist Defendant IAAI to review and revise its policies and procedures prohibiting discrimination, harassment, and hostile work environment, and its complaint procedures for addressing discrimination, harassment, and hostile work environment to comply with Title VII and the requirements in this Decree as described in Paragraphs 25-30;

    b. assist Defendant to provide training to all officers and employees, including managers, supervisors, and human resources employees about their rights and responsibilities under Title VII and this Decree, as described in Paragraphs 31-40;

    c. assist Defendant with the creation and implementation of policies and procedures for investigating, monitoring, and tracking all investigations of employment discrimination complaints and provide related training; and,

    d. assist Defendant to develop policies regarding appropriate and proportionate discipline where an investigation of allegations of discrimination substantiates violations of Defendant IAAI's policies or the law.

23. Within sixty (60) days after the Effective Date, Defendant IAAI shall identify its proposed Consultant and submit the Consultant's name and resume or C.V. to the EEOC. The EEOC will provide comments, if any, within fifteen (15) days of identification.

24. If at any point during the Decree, the Consultant is no longer able to perform the aforementioned duties, Defendant IAAI shall identify its proposed replacement Consultant and submit the replacement Consultant's name and resume or C.V. to the EEOC within thirty (30)

days of determining that the Consultant can no longer perform its duties. The EEOC will provide comments, if any, within fifteen (15) days of identification.

      **B.    Policy and Procedure Concerning Discrimination, Harassment and Retaliation**

25.    Within one-hundred and eighty (180) days of the Effective Date, Defendant IAAI, with the assistance of the Consultant, shall complete its review and revision, including the process outline in paragraph 28, its written policies and internal procedures prohibiting under Title VII discrimination, harassment, a hostile work environment and/or retaliation, for receiving and investigating complaints of discrimination, and for disciplining employees determined to be in violation of Defendant IAAI's policies or the law.

26.    The policies shall include:

    a.    an internal complaint procedure that provides multiple accessible avenues of reporting employment discrimination, including but not limited to creating and maintaining a dedicated e-mail address and hotline telephone number;

    b.    an explanation of prohibited conduct, including race-based discrimination, harassment, hostile work environment and retaliation, with specific examples of unacceptable behavior;

    c.    assurance that employees who believe they have experienced prohibited conduct need not confront the alleged perpetrator before submitting a complaint;

    d.    assurance that Defendant IAAI will protect the confidentiality of discrimination, harassment, and hostile environment complainants and witnesses to the extent practicable;

    e.    a statement that the policies and procedures have been promulgated at the direction of and endorsement by the highest level of Defendant IAAI's management;

    f.    a requirement that supervisors, including Branch Managers and Yard Supervisors, must promptly escalate oral and written complaints of prohibited discrimination, harassment, hostile work environment, and/or retaliation, including, but not limited to racist comments that they observe, or of which they become aware, to human resources and/or a more

senior manager;

  g. assurance that Defendant will take timely and proportionate corrective action within five (5) days of concluding the investigation, when it substantiates that discrimination, harassment, hostile environment, or retaliation has occurred; and

  h. a statement that Defendant IAAI shall hold all employees, including officers, managers, supervisors, and human resources employees, accountable for engaging in prohibited conduct and/or failing to take appropriate proportional action sufficient to address substantiated discrimination, harassment, a hostile work environment or retaliation.

27. The internal complaint procedure referred to in Paragraph 26(a) shall, at a minimum, clearly state that an employee who believes that he or she has suffered or witnessed discrimination, harassment, a hostile work environment or retaliation:

  a. May initiate an internal complaint, orally or in writing, by notifying a manager, or human resources personnel, or may file a complaint directly with an external agency, such as the U.S. Equal Employment Opportunity Commission or the relevant state Fair Employment Practices Agency, *e.g.*, the California Civil Rights Department.

  b. Upon receipt of a complaint Defendant shall memorialize the complaint in writing and maintain a record of the complaint.

  c. Within ten (10) days of receiving a complaint, Defendant will commence an investigation and will complete the investigation within fifteen (15) business days.

  d. Defendant shall gather, preserve, and document all evidence related to the alleged complaint, including but not limited to interviewing all possible witnesses, collecting any written correspondence or documents, including evidence stored electronically, such as text messages, emails and/or social media.

  e. Defendant shall ensure that their investigations are objective and neutral and that investigators weigh credibility as part of their investigative findings.

  f. Within five (5) days of the completion of the investigation, Defendant will communicate with the complainant in writing regarding the results of the investigation and a general description of any remedial action taken if the complaint is substantiated.

   g. The written communication will also include language that Defendant IAAI will not tolerate retaliation against any employee for complaining, or for assisting or participating in the internal complaint procedure or any external complaint procedure.

   h. Defendant IAAI will keep confidential and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants or witnesses, unless necessary for purposes of the investigation.

   i. Defendant IAAI will maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken.

28. Within one-hundred and fifty (150) days of the Effective Date, Defendant IAAI shall provide the EEOC with a copy of the policies and procedures described in Paragraphs 25-27. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures. No later than one hundred eighty (180) days after the Effective Date, Defendant IAAI shall disseminate the policies and procedures to all employees, including management, supervisory, and human resources employees.

29. Thereafter Defendant IAAI shall provide hard copies of all policies referenced in Paragraphs 25-27 to new employees within seven (7) days of onboarding.

30. Defendant IAAI shall submit to the EEOC, for its review and consideration, no later than thirty (30) days before adoption, any proposed modifications to the policies referenced in Paragraphs 25-27. The EEOC will notify Defendant IAAI within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.

**C. Training**

31. No later than one hundred eighty (180) days after the Effective Date, Defendant shall provide training to its nonsupervisory employees, who shall be required to attend a live, interactive training program annually for the duration of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. The Consultant must approve and attend this training program, which shall be at least two (2) hours in length and video recorded, and shall include:

   a. Instruction on equal employment opportunity rights and responsibilities, including but not limited to, Title VII's prohibitions against race discrimination, harassment, creating a racially hostile work environment and/or retaliation with specific examples, and Defendant IAAI's policies and procedures for reporting and investigating complaints of discrimination, harassment, hostile work environment and/or retaliation.

   b. Instruction on Defendant IAAI's policies and internal complaint procedures including but not limited to:

    i. who employees may report to when experiencing or witnessing harassment, discrimination, or retaliation;

    ii. confirmation that Defendant IAAI will take all reports seriously, and investigate them in a timely fashion;

    iii. how the complaint and investigation process will proceed;

    iv. the confidential nature of the reporting and investigation process;

    v. protections against retaliation for using the reporting system or cooperating in an investigation; and

    vi. the timelines for expected communications from the investigator.

  32. Defendant IAAI human resources and supervisory personnel, including but not limited to Branch Managers, Yard Supervisors, shall be required to attend live, interactive training annually for the term of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. The Consultant must approve and attend this training program, which will be at least four (4) hours in length and, in addition to the topics listed in Paragraph 31 above, shall include:

   a. recognizing discrimination, harassment and a hostile work environment;

   b. procedures for taking preventative and corrective measures regarding discrimination, harassment, hostile work environment and/or retaliation, including discipline for failure to comply with Defendant IAAI's policies;

   c. the responsibilities of supervisors and managers under Defendant's policies, including what conduct is required to be immediately escalated; and

        d.      how to properly receive, memorialize and report complaints of discrimination, harassment, hostile work environment and/or retaliation.

33. The initial trainings described in Paragraph 32 for supervisory employees and Paragraph 34 for employes designated to conduct investigations must be concluded within one hundred eighty (180) days of the Effective Date and must be video recorded.

34. Defendant IAAI's personnel who are designated to conduct investigations shall be required to attend a live, interactive training program once annually for the duration of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. The Consultant must approve and attend this training program, which shall be at least four (4) hours in length and shall, at a minimum, include instruction on:

    a.    Instruction on Defendant IAAI's policies and internal complaint procedures including but not limited to:

        i.    who employees may report to when experiencing or witnessing harassment, discrimination or retaliation;

        ii.    that Defendant IAAI will take all reports seriously, and investigate them in a timely fashion;

        iii.    how the formal complaint and investigation process will proceed;

        iv.    the confidential nature of the reporting and investigation process;

        v.    protections against retaliation for using the reporting system or cooperating in an investigation; and

        vi.    the timelines for expected communications from the investigator.

    b.    The legal framework for racial harassment and discrimination claims under Title VII.

    c.    Best practices and tools and techniques for conducting investigative interviews and gathering evidence.

    d.    How to assess credibility.

    e.    How to deal with difficult witnesses and subject matter.

    f.    Working with vulnerable parties and traumatic subjects.

      g.     Report writing and records retention, including the proper techniques for gathering and retaining electronically stored information.

35.     During the duration of the Decree, all employees hired or promoted into the positions identified in Paragraphs 31-34 shall receive the harassment, and as appropriate, investigator training within thirty (30) days of hire or promotion. If no live training is scheduled to occur within thirty (30) days of the hire or promotion, the employee may satisfy the training requirement by watching a video recording of the prior live training. Employees required to watch the video recording shall be provided an opportunity to submit questions to, and to receive answers from the trainer, regarding the materials covered during the live training.

36.     Defendant IAAI shall track in writing or electronically all employees required to attend, and who do attend, a training program described in Paragraphs 31-35.

37.     Within ninety (90) days after the Effective Date, Defendant IAAI shall identify to the EEOC all proposed instructors for the training to be provided pursuant to Paragraphs 31-36 of this Decree. The EEOC will raise any objections to the proposed trainers within fifteen (15) days of identification.

38.     At least thirty (30) days prior to the initial training required by Paragraphs 31-37 of this Decree, Defendant IAAI shall submit to the EEOC a description of the training and the curriculum and materials developed for the trainees. EEOC may provide comments within fifteen (15) days, such that Defendant shall complete the training required by the 180-day deadline referenced in paragraph 31.

39.     For all subsequent training sessions, Defendant IAAI shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use. The EEOC will advise Defendant IAAI of any comments within fifteen (15) days.

40.     The term "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraphs 31-34.

**D.    Neutral Job Reference**

41.     Defendant IAAI shall provide Marcus Harris a neutral letter of reference

identifying his dates of employment, positions held and reflecting that he voluntarily resigned and is eligible for rehire.

42. In response to any job verification or job reference request, Defendant IAAI shall not disclose any information about, or refer to the Harris' charge of discrimination, allegations against IAAI, or this lawsuit.

43. Defendant IAAI shall expunge from Harris' personnel files all documents related to his charge of discrimination or this lawsuit

## VIII. NOTICE

44. Within fourteen (14) days after the Effective Date, Defendant IAAI shall post, for the duration of this Decree, in a prominent place frequented by employees at the Fremont Facility, the notice attached as Exhibit A (Notice). The Notice shall be replaced within five (5) business days if it is removed or becomes defaced.

## IX. REPORTING

45. Defendant IAAI shall provide the following reports to the EEOC by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov:

    a. Within thirty (30) days after the Effective Date, Defendant IAAI shall submit to the EEOC a copy of the letter of reference for Marcus Harris, described in Paragraph 41 above.

    b. Within one hundred eighty days (180) days after the Effective Date, Defendant IAAI shall submit to the EEOC an initial report containing the following information regarding its actions under this Decree:

        i. a copy of the policies required under the terms of this Decree, including the internal complaint and investigation procedures;

        ii. confirmation that all trainings required under this Decree have been scheduled and completed;

        iii. certification that Defendant IAAI complied with the notice posting requirement in Paragraph 44 of this Decree; and

        iv. certification that Defendant IAAI complied with all other

provisions of this Decree.

    c. Defendant IAAI shall also provide annual reports throughout the term of this Decree containing the following information regarding its actions under this Decree. The first report shall be submitted within one hundred eighty (180) days of the Effective Date and thereafter annually throughout the duration of the Decree:

        i. Complete attendance lists for all training sessions required under this Decree. The list shall include for each individual, their hire date, job title, supervisory status, and the date of their attendance at the training.

        ii. A report detailing any complaints alleging race harassment or racially hostile work environment or retaliation made to, investigated by, or resolved by Defendant IAAI. This report shall include, at a minimum: (1) the names and contact information of the complainants and witnesses identified during the investigation; (2) the nature of the complaint; (3) the names of the alleged perpetrators; (4) the dates of the alleged race discrimination or racially hostile work environment; and (5) a brief summary outlining whether the allegations were substantiated, the basis for the investigative findings, and where the investigation substantiated the allegations, the corrective actions that were taken.

        iii. Upon request from the EEOC, Defendant IAAI shall within seven (7) days provide the EEOC copies of the documentation, including investigative records, for any complaints and investigations described in the report.

    d. Defendant IAAI shall provide the information mandated in Paragraph 45(c) in one of the following searchable formats: Excel, Access, or ASCII delimited (csv). Regardless of the format, the first row shall consist of the field (or variable) names. There must be one column for each field (variable) requested. First and last names must be provided as

separate fields (variables).

## X.   MODIFICATION AND SEVERABILITY

46.   This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party and approved by the Court.

47.   If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

## XI.   DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

48.   The Court shall dismiss this Action with prejudice but retain jurisdiction during the duration of this Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

49.   This Decree shall expire three (3) years after the Effective Date, provided Defendant IAAI has complied with its terms, and unless the Court has extended the duration of the Decree pursuant to Paragraph 50 below.

50.   If the EEOC has reason to believe that Defendant IAAI has failed to comply with any provision of this Decree, the EEOC may petition this Court to enforce the Decree. Prior to initiating such petition, the EEOC will notify Defendant IAAI, in writing, of the nature of the alleged breach of the Decree. Defendant IAAI shall have thirty (30) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged breach. The Parties shall use the thirty (30) day period following written notice to try to resolve the issue. If thirty (30) days have passed with no resolution or agreement to extend the time to continue negotiating a resolution, the EEOC may petition this Court to enforce compliance with this Decree. If the EEOC petitions the Court and the Court finds Defendant IAAI to be in substantial violation of the terms of the Decree, the Court may extend the duration of the Decree and afford other relief

as the Court may deem appropriate.

## XII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

51. Defendant IAAI shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII. COSTS AND ATTORNEYS' FEES

52. Each Party shall bear its own costs of suit and attorneys' fees.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated: March 28, 2025

By: */s/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

MARCIA L. MITCHELL
Assistant Regional Attorney

JAMES H. BAKER
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

*Attorneys for Plaintiff EEOC*

Dated: March 28, 2025          DORSEY & WHITNEY LLP

By: */s/ Nisha Verma*
Nisha Verma
Alexandra G. Supper
*Attorney for Defendant
Insurance Auto Auctions, Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H. Baker, am the ECF User whose ID and password are being used to file the Consent Decree. In compliance with Local Rule 5-1(i)(3), I hereby attest that Nisha Verma concurs in this filing.

Dated: March 28, 2025                    */s/ James H. Baker*



# NOTICE TO EMPLOYEES

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC) and your employer have resolved a lawsuit by the EEOC involving allegations that a former employee was subjected to a racially hostile work environment. The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Insurance Auto Auctions Inc.;* Case No. 3:23-CV-00135-LRH-CSD. The lawsuit was filed at the San Francisco Federal Courthouse. This notice is being posted and circulated by order of the Court.

Under federal law, your employer cannot discriminate against you or harass you because of your:

- Sex
- Race
- Religion
- Color
- National Origin
- Age (40 and over)
- Disability
- Genetic Information
- Pregnancy

Your employer also cannot take any action against you because you complained of unlawful discrimination or harassment or helped with an investigation or lawsuit regarding unlawful discrimination or harassment. This is called retaliation.

Your employer has policies against discrimination, harassment, and retaliation, and requires that <u>all</u> employees follow this policy—including managers. Your employer cannot tolerate any form of illegal discrimination in the workplace, including racial harassment.

Your employer has a **<u>hotline</u>** for reporting issues in the workplace. If you see or experience discrimination, harassment, or retaliation, call:

<div style="text-align:center; color:red">**[INSERT HOTLINE NUMBER]**</div>

If you have any questions or complaints of harassment, you can contact the EEOC. The **EEOC protects all** employees from harassment and discrimination. The EEOC has employees who speak English, Spanish, ASL, and many other languages. **Call the EEOC at (800) 669-4000. Or, make a complaint with the EEOC online at:** *Scan me!*

PublicPortal.EEOC.gov



**This is an official notice and must not be altered, defaced, or covered by any other material.**

ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>INSURANCE AUTO AUCTIONS, INC.<br><br>Defendant. | Case No.:  3:24-CV-06848-TSH<br><br>**[PROPOSED] ORDER ENTERING CONSENT DECREE** |

The Court, having considered the stipulated Consent Decree of Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Insurance Auto Auctions, Inc., and filed concurrently herewith, HEREBY ORDERS THAT the Consent Decree be, and hereby is, approved as the final decree of this Court in full settlement of Plaintiff EEOC's claims.  The EEOC's complaint is hereby dismissed with prejudice and without costs or attorneys' fees.  The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein until it expires according to its terms.

IT IS SO ORDERED.

Dated: March 31, 2025

_____
HON. THOMAS S. HIXSON
United States District Court Magistrate Judge

Respectfully submitted on March 28, 2025.

*/s/ James H. Baker*
James H. Baker
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*Attorneys for Plaintiff*